RECEIVED
MAR 2 9 2013
U.S.D.C. S.D. N.Y.
CASHIERS

James J. McGuire
Vincent Filardo, Jr.
MISHCON DE REYA NEW YORK LLP
750 7th Avenue, 26th Fl.
New York, NY 10019
(212) 612-3270 (phone)
(212) 612-3297 (fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BRYANSTON GROUP, INC, derivatively on behalf of EMPIRE RESORTS, INC.,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**KIEN HUAT REALTY III, LTD., individually and as Shareholder of EMPIRE RESORTS, INC.,**<br><br>**COLIN AU, individually and as Director of EMPIRE RESORTS, INC.,**<br><br>**JOSEPH D'AMATO, individually and as Director of EMPIRE RESORTS, INC., and**<br><br>**EMPIRE RESORTS, INC., as nominal Defendant,**<br><br>**Defendants.** | **Civil Action No. 12 CV 9396 (VM)**<br><br>**ECF Case** |

# FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Bryanston Group, Inc. ("Bryanston"), by its attorneys, Mishcon de Reya New York LLP, as and for its Complaint against Defendants Kien Huat Realty III, Ltd ("Kien Huat"), Colin Au, and Joseph D'Amato, alleges as follows:

**INTRODUCTION**

1. This is a civil action arising under the laws of the United States of America and States of Delaware and New York alleging claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference with contract, and Declaratory Judgment.

2. The claims propounded herein stem from a scheme that Defendant Kien Huat, the majority shareholder, largest creditor, and primary source capital of New York-based Empire Resorts, Inc. ("Empire"), masterminded and effectuated through its domination of and control over Empire's Board of Directors, including Kien Huat-appointed Director defendants Au and D'Amato. The scheme's purpose was to gradually acquire a significant majority ownership of Empire in order to wrest control of its coveted racing and gaming licenses and other corporate opportunities for the sole benefit of Kien Huat, its affiliates, and related entities and individuals.

3. Plaintiff seeks monetary and declaratory relief and all other appropriate remedies to which it is entitled under United States, Delaware, and New York law.

**PARTIES**

4. At all relevant times, Bryanston was and is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in the State of Florida and offices located at P.O. Box 2424, Winter Park, Florida 32790.

5. At all relevant times, Plaintiff has been the record and beneficial owner of Empire Series E Preferred Stock. Since December 10, 2002 and on all dates since then, Plaintiff has

beneficially owned some 1,551,213 shares of Empire Series E Preferred Stock. As such, Bryanston is the majority holder of this series of Empire stock.

6. Empire was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Monticello, New York and offices located at Monticello Casino and Raceway, Route 17B, P.O. Box 5013, Monticello, New York 12701. It is also a publicly traded company listed on the NASDAQ Exchange trading under the symbol NYNY. Empire is a holding company for various subsidiaries engaged in the hospitality and gaming industries. Empire further owns and operates the Monticello Casino and Raceway, which has video gaming and harness horse racing facilities located in Monticello, New York.

7. Upon information and belief, at all relevant times, Defendant Kien Huat was and is a foreign company organized in the Isle of Man and existing in Kuala Lumpur, Malaysia. Since on or about October 1, 2009, Kien Huat has been the majority common stockholder of Empire. Upon information and belief, Kien Huat is an active participant in the affairs of Empire, exerts control over its affairs in the State of New York, and derives substantial revenue from its activities in said State as well as from international commerce.

8. Upon information and belief, Defendant Colin Au was and is a citizen and resident of Sydney, Australia. Since on or about August 19, 2009 when Kien Huat appointed him, Mr. Au has served as a Director of Empire. Upon information and belief, Mr. Au is an active participant in the affairs of Empire and exerts control over its affairs in New York. Mr. Au is also a former Director of certain Kien Huat affiliates, having served for over thirty (30) years in that capacity, and a current Director of Genting Hong Kong Limited (f.k.a. Star Cruises, Ltd.). Mr. Au is also purportedly a principal in and President of Genting Group. Upon information and belief, both Genting Hong Kong and Genting Group are close affiliates of Kien Huat. Upon

information and belief, Mr. Au derives substantial revenue from services rendered in the State of New York as well as from international commerce.

9. Upon information and belief, Defendant Joseph D'Amato was and is a citizen and resident of the State of New Jersey. Since on or about September 9, 2010, Mr. D'Amato, whom Kien Huat also appointed, has served as a Director of Empire. Since on or about December 24, 2009, Mr. D'Amato has also served as Chief Executive Officer of Empire. For about a year of this period, Mr. D'Amato also served as Empire's Chief Financial Officer. Upon information and belief, Mr. D'Amato is an active participant in the affairs of Empire and exerts control over its affairs in New York. Upon information and belief, Mr. D'Amato derives substantial revenue from services rendered in the State of New York as well as from international commerce.

10. Upon information and belief, Kien Huat owns approximately sixty-one and two-tenths percent (61.2%) of Empire and, as alleged herein, dominates and controls Empire and its Board of Directors.

## JURISDICTION AND VENUE

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different U.S. states, a foreign citizen and citizens of U.S. states, and/or citizens of different U.S. states with additional foreign parties. Diversity jurisdiction is also proper, because the amount in controversy exceeds $75,000. This Court has authority to order declaratory relief under 28 U.S.C. §§ 2201-02, because there is an actual, justiciable controversy between Plaintiff and Defendants.

12. Personal jurisdiction is proper over all Defendants pursuant to N.Y. C.P.L.R. §§ 301, 302(a)(1), 302(a)(2), 302(a)(3)(i), and 302(a)(3)(ii), because, upon information and belief, Defendants are New York State residents, committed tortious acts within the State of New York, or committed tortious acts outside the State of New York causing injury to a person or property

within the state and regularly do business in the State of New York, derive substantial revenue from services rendered in the State of New York, expect or should reasonably expect their acts to have consequences in the State of New York, and derive substantial revenue from interstate or international commerce.

13. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claims herein occurred in Sullivan and New York Counties, New York, and Defendants either reside in this District, may be found in this District, have agents in this District, or transact their affairs in this District.

## FACTUAL ALLEGATIONS

### A. Plaintiff Purchases Series E Preferred Stock In Empire.

14. On or about December 10, 2002, Plaintiff, along with certain non-parties, entered into a Recapitalization Agreement with Empire, then known as Alpha Hospitality Corporation ("Recapitalization Agreement"). Upon information and belief, the Recapitalization Agreement was drafted and entered into in New York.

15. In exchange for valuable consideration and pursuant to the Recapitalization Agreement, Bryanston received a total of 1,551,213 shares of Empire Series E Preferred Stock.

16. Pursuant to Section 1.8 of the Recapitalization Agreement, Empire was granted the right to redeem the subject Series E Preferred Stock at $10.00 per share. The Series E Preferred Stock accrues dividends at a rate of 8% of the liquidation value running from December 10, 2002 through date of redemption.

17. Pursuant to the Recapitalization Agreement, the Series E Preferred Stock did not initially carry voting rights. However, on or about January 12, 2004, Empire granted voting rights to all Series E Preferred stockholders, including to Plaintiff, following Empire's Board of Directors' adoption of a "Certificate of Amendment of Certificate of Designations, Powers,