## THIRD CAUSE OF ACTION

**Breach of Fiduciary Duty**
**(Derivative Claim On Behalf Of Empire For Breach of Fiduciary Duty Against Defendant D'Amato)**

71. Plaintiff repeats and realleges Paragraphs 1 through 59 as if fully set forth herein.

72. The Members of Empire's Board of Directors, including Defendant Joseph D'Amato, owe fiduciary duties to Empire to act in Empire's best interests.

73. Defendant D'Amato breached his fiduciary duty to Empire by approving the Cash Bonus Plan.

74. As a direct and proximate result of beach of fiduciary duties by Defendant D'Amato, Empire has suffered monetary damages, greater than the jurisdictional amount of $75,000 but in an amount to be determined at trial, plus pre- and post-Judgment interest thereon.

75. The misconduct of Defendant D'Amato was intentional, willful, wanton, malicious, and of such egregious nature that punitive damages are appropriate in addition to any compensatory damages for harm done to Plaintiff.

## FOURTH CAUSE OF ACTION

**Aiding and Abetting Breach of Fiduciary Duty**
**(Derivative Claim On Behalf Of Empire For Aiding And Abetting Breach Of Fiduciary Duty Against Defendant Kien Huat)**

76. Plaintiff repeats and realleges Paragraphs 1 through 59 as if fully set forth herein.

77. The Members of Empire's Board of Directors, including Defendants Colin Au and Joseph D'Amato, owed fiduciary duties to Empire and breached those fiduciary duties.

78. Kien Huat had actual knowledge that Empire's Directors owed fiduciary duties to Empire and breached those duties.

79. Kien Hust dominated and controlled the Members of Empire's Board of Directors, including Defendants Au and D'Amato. In connection with its domination of and control over Empire's Board of Directors, Kien Huat provided substantial assistance to said Directors to breach their fiduciary duties to plaintiff by directing Kien Huat appointed Board Members to provide the Confidential Aqueduct Materials to Kien Huat and Kien Huat's affiliate, Genting New York LLC, so as to usurp that corporate opportunity from Empire.

80. But for Kien Huat's domination of and control over Empire's Board of Directors, Empire would not have lost the Aqueduct opportunity,

81. As a direct and proximate result of the Kien Huat's substantial assistance to Empire's Board of Directors, Empire has suffered monetary damages, greater than the jurisdictional amount of $75,000 but in an amount to be determined at trial, plus pre- and post-Judgment interest thereon.

82. Kien Huat's misconduct was intentional, willful, wanton, malicious and of such egregious nature that punitive damages are appropriate in addition to any compensatory damages for harm done to Empire.

## FIFTH CAUSE OF ACTION

**Tortious Interference With Contract**
**(Derivative Claim On Behalf Of Empire For Tortious Interference With Contract Against Defendant Kien Huat)**

83. Plaintiff repeats and realleges Paragraphs 1 through 59 as if fully set forth herein.

84. On or about December 10, 2002, Plaintiff entered into the Recapitalization Agreement with Empire, which granted Empire the right to purchase Series E Preferred Stock at $10.00 per share, plus accrued dividends at a rate of 8% of the liquidation value running from on or about December 10, 2002 through the date of redemption. Pursuant to the Recapitalization

Agreement, as long as Series E Preferred Stock remained outstanding, Empire was and is not permitted to pay any dividends or distributions from the "Net Available Cash Flow" for any purpose other than for the purchase of Common Option Shares (which have been redeemed) or the Series E Preferred Stock, with the exception of $1,000,000 per year towards Empire's operating expenses.

85. Kien Huat had actual knowledge of the Recapitalization Agreement.

86. Kien Huat interfered with the Recapitalization Agreement by forcing Empire's Board of Directors to approve the Rights Offering to benefit Kien Huat in direct violation of the terms of the Recapitalization Agreement, namely, Section 1.9.

87. As a direct and proximate result of Kien Huat's domination of and control over Empire and its Board of Directors by, inter alia, causing it to allow Kien Huat to purchase additional shares of Empire common stock at a discount in exchange for forgiving the outstanding Kien Huat Loan, Empire breached the Recapitalization Agreement.

88. Without any rational business purpose but as part of its overall scheme to take control of Empire's racing and gaming licenses, Kien Huat utilized dishonest, unfair, and improper means to interfere with Plaintiff's contractual relationship with Empire by, inter alia, causing Empire's Board of Directors to approve the Rights Offering providing Kien Huat with significant majority control over Empire.

89. As a direct and proximate result of the interference by Kien Huat, Plaintiff has suffered monetary damages, greater than the jurisdictional amount of $75,000 but in an amount to be determined at trial, plus pre- and post-Judgment interest thereon.

90. Kien Huat's misconduct was intentional, willful, wanton, malicious, and of such egregious nature that punitive damages are appropriate in addition to any compensatory damages for harm done to Plaintiff.

## SIXTH CAUSE OF ACTION

### Declaratory Judgment (28 U.S.C. § 2201)
### (As Against All Defendants)

91. Plaintiff repeats and realleges Paragraphs 1 through 59 as if fully set forth herein.

92. Section 1.9 of the Recapitalization Agreement provides that as long as Series E Preferred Stock remains outstanding, Empire is not permitted to pay any dividends or distributions from the "Net Available Cash Flow" for any purpose other than for the purchase of Common Option Shares (which have been redeemed) or the Series E Preferred Shares.

93. The foregoing gives the holder of Series E Preferred Shares, namely Plaintiff, priority to the payment of dividends, redemption and/or satisfaction of shares over the holders of Empire common stock including, but not limited to, Defendants.

94. Pursuant to Paragraph 3 of the Certificate of Designations, Plaintiff has priority over all shareholders, including Defendants, to the payment of dividends, redemption and/or satisfaction of shares in the event of a voluntary or involuntary dissolution of Empire.

95. Empire agreed to robust restrictions on the use of its cash flow to ensure that the Series E shareholders would be paid as required, including barring the use of such cash to pay down any outstanding debts owed to Defendant Kien Huat before first retiring the Series E Preferred Shares.

96. In violation of the Recapitalization Agreement, Certificate of Designations, and in a bad faith effort to subordinate Plaintiffs' rights to priority payment of Net Available Cash Flow, Empire issued common shares generating Net Available Cash Flow and improperly used those

proceeds to retire Defendant Kien Huat's debt and create a new class of debt in favor Kien Huat purporting to have priority over the Series E Preferred Shares.

97. An actual controversy exists as to whether Plaintiff is entitled to priority as to the payment of dividends, redemption, and/or satisfaction of shares over the holders of Empire common stock, including but not limited to Defendants.

98. Plaintiff has no adequate remedy at law.

99. Plaintiff requests entry of a Judgment declaring that Plaintiff Bryanston Group, Inc., as Series E Preferred Share holder, has priority over Defendants to the payment of dividends, redemption, and/or satisfaction of shares (i) from Empire's "Net Available Cash Flow" for any purpose, including that intended to retire any debt owed to Kien Huat, and (ii) in the event of a voluntary or involuntary dissolution of Empire.

**RELIEF REQUESTED**

**WHEREFORE,** Bryanston Group, Inc. demands Judgment against Kien Huat Realty III, Ltd., Colin Au, and Joseph D'Amato, as follows:

**A.** As to the First, Fourth, and Fifth Causes of Action, award Empire compensatory and punitive damages, legal costs, expenses, and attorneys' fees against Defendant Kien Huat Realty III, Ltd., including pre- and post-Judgment interest thereon, in an amount to be determined at trial;

**B.** As to the Second Cause of Action, award Empire compensatory and punitive damages, legal costs, expenses, and attorneys' fees against Defendant Colin Au, including pre- and post-Judgment interest thereon, in an amount to be determined at trial;